O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN R. NORDBLAD, | ) | Case No. CV 13-07542 DDP (VBKx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTIONS TO DISMISS** |
| | ) | **FOR LACK OF SUBJECT MATTER** |
| v. | ) | **JURISDICTION AND GRANTING MOTION** |
| | ) | **TO EXPUNGE LIS PENDENS** |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY, AS INDENTURE | ) | [DKT Nos. 10, 22, 25] |
| TRUSTEE FOR NEW CENTURY HOME | ) | |
| EQUITY LOAN TRUST 2004-2, | ) | |
| BARBARA L. LAING, AND | ) | |
| DOMINGO CABRERA, JR, AS | ) | |
| INDIVIDUALS. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Before the court are motions to dismiss under Federal Rules of Civil Procedure(12)(b)(1) and (12)(b)(6) filed by Defendants Barbara L. Laing and Domingo Cabrera, Jr. and Defendant Deutsche Bank National Trust Company ("Deutsche Bank"). (DKT Nos. 10, 22.) Also before the court is Defendants Laing and Cabrera's motion to expunge a lis pendens filed by Plaintiff in the Los Angeles County Recorder's Office. (DKT No. 25.) The motions are unopposed and suitable for adjudication without oral argument. Having considered the submissions before it, the court now adopts the following

order.

**I.  Background**

As with four previous suits, *pre se* Plaintiff John Norlblad brought this suit against Laing and Cabrera and Deutsche Bank in an effort to set aside a March 4, 2012 non-judicial foreclosure sale in which he lost ownership of real property located at 39943 Meadowcrest Way in Palmdale, California. Deutsche Bank acquired the property in the foreclosure sale from Atlantic & Pacific Foreclosure Services, LLC. (Laing and Cabrera's Request for Judicial Notice Exs. 2, 3.) Liang then purchased the property from Deutsche Bank on October 11, 2013. (RFJN Ex. 6.)

After Laing moved into the property, she and defendant Cabrera were served with a summons and the First Amended Complaint, as well as a "Three Day Notice to Terminate Tenancy."[1] The suit, seeking quiet title to the subject property, was filed October 11, 2013. FAC at 3-5.) On October 22, 2013, Plaintiff recorded a "Notice of Case Filing of Lis Pendens" in Los Angeles County Recorder's Office as instrument 20131512401. (Defendants Laing and Cabrera's RFJN Ex. 18.)

**II. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"A federal court has subject matter jurisdiction over an action that either arises under federal law, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000." Tosco Corp. v. Cmtys. for a

---

[1] As Defendants points out, it is unclear why Cabrera was named as a defendant in this suit, as he apparently does not have title to the property. (RFJN Ex. 6.)

1  <u>Better Env't</u>, 236 F.3d 495, 499 (9th Cir. 2001). A court is
2  required, either by a motion or *sua sponte*, to dismiss an action if
3  it determines that it lacks subject matter jurisdiction.
4  Fed.R.Civ.P. 12(h)(3); <u>Hertz Corp. v. Friend</u>, 130 S.Ct. 1181, 1193
5  (2010). Federal courts must determine they have jurisdiction before
6  proceeding to the merits. <u>Lance v. Coffman</u>, 549 U.S. 437,
7  439(2007); <u>Munoz v. Mabus</u>, 630 F.3d 856 (9th Cir. 2010). "When
8  subject matter jurisdiction is challenged under Federal Rule of
9  Procedure 12(b)(1), the plaintiff has the burden of proving
10 jurisdiction in order to survive the motion." <u>Kingman Reef Atoll
11 Investments, L.L.C. v. United States</u>, 541 F.3d 1189, 1197 (9th Cir.
12 2008) (citation omitted).
13     Here, Plaintiff has not asserted any basis on which this court
14 may exercise jurisdiction. Plaintiff included no discussion of
15 subject matter jurisdiction in his complaint and did not oppose
16 Defendants' motion. Moreover, it is apparent from the complaint and
17 materials submitted by Defendants that this court may not exercise
18 jurisdiction in this case. The case does not present any question
19 of federal law, instead arising from common law fraud and state
20 property laws. Nor is there complete diversity. Defendants Laing
21 and Defendant Deutsche Bank are citizens of California for the
22 purposes of diversity, as is Plaintiff. (Laing and Cabrera's RFJN,
23 Ex. 6 (DKT No. 23); Deutsche Bank's RFJN, Ex. 16 (DKT No. 11); FAC
24 at 1.) This court therefore lacks subject matter jurisdiction over
25 the present suit.
26     Because the court lacks subject matter jurisdiction under Rule
27 12(b)(1), it does not reach Defendants' arguments under Rule
28 12(b)(6).

3

**III. Motion to Expunge Lis Pendens**

"A lis pendens is a recorded document giving constructive notice that an action has been filed affecting right or title to possession of the real property described in the notice." <u>Kirkeby v. Superior Court of Orange Cnty.</u>, 33 Cal. 4th 642, 647 (2004). Under California law, a lis pendens may be expunged on either of two grounds: (1) the pleading on which the lis pendens is based does not contain a real property claim, or (2) the claimant has not shown a probable validity of the claim by a preponderance of the evidence. Cal. Civ. Proc. Code §§ 405.31, 405.32; <u>Justo v. Indymac Bancorp</u>, 2010 WL 623715, at *11 (C.D. Cal Feb. 19, 2010); <u>Hunting World, Inc. V. Sup. Ct. Of San Francisco</u>, Cal. App. 4th 67, 70-71 (1994). In view of the court's dismissal of Plaintiff's case for lack of subject matter jurisdiction, there is no basis to maintain a lis pendens. See <u>McDavid v. Wells Fargo Bank, N.A.</u>, WL 4062509, at *2 (C.D. Cal. Sept. 12, 2011).

**IV. Conclusion**

For the forgoing reasons, the Court GRANTS both motions to dismiss for lack of subject matter jurisdiction and GRANTS Defendants Liang and Cabrera's motion to expunge the lis pendens.

IT IS SO ORDERED.

Dated:   December 30, 2013

DEAN D. PREGERSON
United States District Judge

4